### SWARTZ *v.* SWARTZ.

RUSSELL, C. J. 1. There being circumstances authorizing the inference that the physical condition of the plaintiff in error was not such as to prevent his appearance at the hearing or his execution of an affidavit,

Divorce, 19 C. J. p. 224, n. 83; p. 240, n. 23; p. 289, n. 21.

it can not be said that the judge abused his discretion in refusing to further continue the hearing upon the application for temporary alimony; especially as the hearing had been previously postponed, without a legal showing, for the purpose of enabling the plaintiff to submit his affidavit, and the evidence upon the hearing being permitted to be submitted by affidavits.

2. Under the evidence as to the circumstances and cause of the separation and as to the financial condition of the husband and his earning capacity, it can not be said that the trial judge erred, as trior of the facts, in finding that the plaintiff should pay alimony to the defendant, or that the allowance of alimony and attorney's fees was excessive.

*Judgment affirmed. All the Justices concur.*

No. 6008. JANUARY 12, 1928.

Temporary alimony. Before Judge Pomeroy. Fulton superior court. March 10, 1927.

U. G. Swartz, as a resident of Fulton County, brought an action for divorce against his wife, Mrs. I. M. Swartz, alleged to be a non-resident of this State and a citizen of the State of Florida. Service was effected by publication, and the defendant answered and set up by cross-petition a suit for divorce and for alimony, temporary and permanent. December 11, 1926, was set as the date for hearing upon the application for temporary alimony. On February 26, 1927, the application came on for a hearing, and counsel moved for a continuance upon the ground that the plaintiff was ill and unable to appear in court. He tendered an affidavit of a physician practicing in Indianapolis, who deposed that he was attending the plaintiff, a patient in a hospital in that city, suffering from a severe attack of nervous exhaustion and influenza; and that in his opinion his patient would be unable to leave the hospital within a period of thirty to sixty days from February 24, 1927. Counsel for plaintiff stated in his place that he could not safely go to trial without the presence of his client. Counsel for defendant was allowed to state in his place that counsel for plaintiff had told him that he did not intend to have his client present for the hearing; which statement was not denied by counsel for the plaintiff. The court overruled the motion, and proceeded with the hearing. On this ruling the plaintiff assigns error.

Counsel for the defendant introduced in evidence her affidavit that she was sick in bed and unable to attend the hearing; that she had been abandoned by her husband; that she was financially dependent upon him for support; that he was worth approxi-

mately $17,000 and had an earning capacity of $500 per month as an unusual and exceptional salesman. A. Swartz, a son of the parties, was sworn as a witness, and testified to substantially the same matters as contained in the affidavit of the defendant. The court then continued the hearing until March 8, in order to give counsel for the plaintiff an opportunity to obtain an affidavit from him. When the case was called on March 8, counsel for the plaintiff moved for a continuance on the ground that the plaintiff was too ill to attend court or make an affidavit or discuss the case with his counsel, stating that counsel could not safely go to trial without the presence of their client. In support of this motion the affidavit of Dr. James N. Ellis, dated March 8, 1927, was introduced, in which he deposed that he had been attending the plaintiff since his arrival in Atlanta on or about March 4, 1927, and that plaintiff was now unable, and had been since his arrival in Atlanta, to make any affidavit concerning the case or to confer with his counsel in regard to the facts of said case. The court continued the hearing until the following day, March 9, 1927, in order that said physician might be brought into court for cross-examination as to the physical condition of the plaintiff. At this time the witness appeared and testified: He was attending plaintiff, who was confined to his bed in a hospital in Atlanta, and was physically unable to appear in court, and would be for several weeks; that he was taken to the hospital to be operated on, which operation the witness expected to perform within a day or two. He first saw plaintiff in Atlanta about six weeks before, saw him again in Atlanta on March 4, at an address on Williams Street, and had him taken to the hospital. Plaintiff was very ill and in a weakened condition, but could probably talk to his attorneys in regard to the case for something like an hour, "and he could probably execute an affidavit to be used in said case," but it would affect him harmfully to do so—would make him nervous. When witness called to see him on March 4, he was sitting in a chair. He walked about the room and went to the bath-room. He walked from this address to the hospital. If he had already submitted a written statement covering the facts of his case to his attorney, so that the attorney could draw an affidavit from that statement, he could hear it read and sign it and be sworn to it. He could probably talk to his attorney for an hour, if it did not involve much mental

strain.  Witness did not know what effect it would have on plaintiff if he should attend court for two hours; it might make him nervous and it might have an injurious effect.

Counsel for defendant stated that counsel for plaintiff had previously read to him a long statement prepared by plaintiff, regarding the alimony feature of the case.  The court continued the hearing until March 10, 1927.  When said case was then called, counsel for the plaintiff stated in his place that he had been to see plaintiff and found him ill and in a weakened condition, and that plaintiff stated he was physically unable to discuss the case at length or to make an affidavit covering the facts.  Counsel for the plaintiff then moved for a continuance "until such time as Mr. Swartz might be able to appear in court, basing said motion for continuance upon the showing already made."  The court overruled the motion, and proceeded to a conclusion of the hearing.  The plaintiff excepted to this ruling.  Other testimony, by affidavits and oral evidence, was introduced in behalf of the defendant.  The court ordered "that plaintiff pay defendant the sum $1100 within ten days from this date, as back alimony, and $150 a month, beginning March 27, 1927, and $100 as attorney's fees, all payments to be made to Edgar Latham, attorney for defendant, and said monthly payments to be made on the 27th day of each succeeding month until further order of this court."  The plaintiff in error excepted, assigning error upon the grounds that the judgment was contrary to evidence, without evidence to support it, against the weight of evidence, excessive, and contrary to law and the principles of justice and equity.

*Len B. Guillebeau* and *George & John L. Westmoreland,* for plaintiff.

*Edgar Latham,* for defendant.